IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EMC PROPERTY & CASUALTY COMPANY | § § § | |
| PLAINTIFF | § § § | |
| v. | § § | CIVIL ACTION NO. 5:23-cv-1140 |
| BPI BAUERLE PARTNERS, INC., MANUEL RODRIGUEZ, IV, MATTHEW LUCIDO, Individually and as Next Friend of MADISON LUCIDO, a Minor | § § § § § § § | |
| DEFENDANTS | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the plaintiff, EMC Property and Casualty Company ("EMC"), and files this its original complaint for declaratory judgment against the defendants, BPI Bauerle Partners, Inc. ("BPI"), Manuel Rodriguez, IV ("Rodriguez"), Matthew B. Lucido, Individually and as Next Friend of Madison Lucido, a minor ("Lucido") and would respectfully show unto this Honorable Court as follows:

### Parties and Service

1. Plaintiff, EMC is a corporation organized and existing under the laws of the State of Iowa with its principal place of business in Iowa, where its majority of its core executive and administrative functions are handled. EMC is authorized to conduct insurance business in the State of Texas.

2. Defendant, BPI Bauerle Partners, Inc. is a corporation organized and existing under the laws of the State of Texas, who does business in Bexar County, and is therefore a citizen of Texas for the purposes of diversity jurisdiction. BPI is EMC's insured and may be

served with process by serving its registered agent for service of process Walter Batla at 10941 Circle Drive, Austin, Texas 78736.

3. Defendant Manuel Rodriguez, IV, is an individual and citizen of Texas residing in Travis County, Texas, and may be served with process at his residence, located at 5101 Wolf Lane, Del Valle, Texas, 78617.

4. Defendant Matthew Lucido is an individual who, upon information and belief is a citizen of Texas residing in Comal County, Texas.  He may be served with process at 1464 Cypress Pass Road, Spring Branch, Texas 78070-5506.  Matthew Lucido, in his individual capacity and capacity as Next Friend for Madison Lucido, a minor, has made a claim against defendants BPI and Rodriguez in a separate lawsuit and, as a practical matter, his interests will be impaired, impeded or affected by the judgment rendered herein.  As such, he is a party interested in the outcome of this litigation.

## Jurisdiction and Venue

5. This Court has jurisdiction over this matter pursuant to 28 USC § 1332 because all parties are diverse as to citizenship and because the amount in controversy exceeds $75,000.00.  Additionally, jurisdiction is predicated upon 28 USC § 2201 because EMC is seeking declaratory relief pursuant to the statute.

6. Venue is proper in the Western District of Texas, San Antonio Division pursuant to 28 USC § 1391(b)(1) because the underlying tort claims out of which this coverage dispute arises is based upon an automobile accident that occurred in Bexar County, Texas.

## Statement of the Case and Summary

7. EMC brings this request for declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and pursuant to 28 U.S.C. Sections 2201 and 2202.

8. This declaratory judgment action is necessary to determine whether EMC owes defense and/or indemnity to BPI and Rodriguez in connection with claims made by Matthew Madison Lucido, Individually and as Next Friend of Madison Lucido, a minor, following an automobile accident which they contend was caused by Rodriguez while operating a BPI vehicle (the "Underlying Claim").

9. This declaratory judgment action is also necessary to determine whether EMC owes indemnity to BPI for damage to the vehicle that was being operated by Rodriguez (the excluded driver) at time of the accident (the "Collision Claim").

10. EMC issued a policy to BPI that included auto liability coverage and collision coverage.

11. The EMC policy was in effect on the date of the automobile accident that involved Rodriquez and the Ludidos.

12. The liability coverage and collision coverage in the BPI Policy are subject to certain conditions, exclusions and other limitations set forth in the policy.

**Factual Background and the Underlying Lawsuit and Claim**

13. The "Underlying Lawsuit" was filed by Mattew B. Lucido, Individually and as Next Friend of Madison Lucido, a Minor against Manuel Rodribuez, IV and BPI-Bauerle Partners, Inc. in the District Court of Bexar County, Texas and is pending under Cause Number 2023CI106541.

14. The petition filed in the Underlying Lawsuit describes the automobile accident and the underlying plaintiff generally contends that Rodriguez was negligent in the operation of the BPI vehicle and that both Rodriguez and BPI are liable for the auto accident.

15. The Collision Claim arises out of the same accident and involves BPI's claim for property damage to its vehicle that was being operated by Rodriguez at the time of the accident.

## The Policy

16.     EMC issued a Business Protection Policy under Policy Number 6E46985, effective 2/19/23 to 2/19/24 that included business auto liability coverage and collision coverage (the "EMC Policy"), subject to the limitations, exclusions and conditions stated therein.

## Causes Of Action: Declaratory Relief

17.     EMC contends and will show that it does not owe a duty of defense or indemnity to BPI or Rodriguez under the EMC Policy in connection with the Underlying Lawsuit.

18.     EMC further contends and will show that it does not owe any obligation to BPI in connection with its claim for property damage to the vehicle Rodriguez was driving at the time of the accident.

19.     The EMC Policy contains an exclusion that bars coverage for any claim or lawsuit against any insured that arises out of operation of any vehicle by an excluded driver and that unambiguously bars coverage for damage to the insured's vehicle sustained in any accident while being operated by an excluded driver.

20.     The EMC Policy includes the following endorsement:

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

**WARNING**

THIS ACKNOWLEDGMENT AND REJECTION IS APPLICABLE TO ALL RENEWALS ISSUED BY US OR ANY AFFILIATED INSURER. HOWEVER, WE MUST PROVIDE A NOTICE WITH EACH RENEWAL AS FOLLOWS: "THIS POLICY CONTAINS A NAMED DRIVER EXCLUSION."

**SCHEDULE**

**Name Of Excluded Driver**_____

You agree that none of the insurance coverages afforded by this policy shall apply while the excluded driver listed in the Schedule is operating a covered "auto" or any other motor vehicle.

You further agree that this endorsement will also serve as a rejection of uninsured/underinsured motorists coverage and personal injury protection coverage while a covered "auto" or any other motor vehicle is operated by the excluded driver.

21. The Schedule in the EMC Policy declarations lists "Manuel Rodriquez" as the excluded driver as follows:

> TX EXCL NAMED DR PARTIAL REJ OF COV
> EXCLUDED DRIVER(S):
> MANUEL RODRIGUEZ

22. Furthermore, the same reasons that negate defense negate the possibility that indemnity will be owed; therefore, EMC seeks a declaration that no duty of defense or indemnity is owed BPI or Rodriguez in connection with the Underlying Lawsuit or property damage claim.

## Relief Sought and Prayer

23. EMC prays that upon final consideration of this matter that this Court enter declarations as follows:

   a. A declaration that EMC does not owe a duty to defend BPI in the Underlying Lawsuit;

   b. A declaration that EMC does not owe a duty to defend Manuel Rodriguez in the Underlying Lawsuit;

   c. A declaration that EMC does not owe a duty to indemnify BPI in the Underlying Lawsuit;

   d. A declaration that EMC does not owe a duty to indemnify Manuel Rodriguez in the Underlying Lawsuit and

   e. A declaration that EMC does not owe a duty to indemnify or pay benefits to BPI in connection with the Collision Claim for property damage to its vehicle.

24. EMC is entitled to recover its reasonable and necessary attorney's fees incurred in prosecuting this declaratory judgment action. EMC retained the firm of Farmer, House, Osuna and Olvera to represent EMC in this declaratory judgment and has agreed to pay the firm

reasonable and necessary attorney's fees.  Award of attorney's fees would be equitable and just and are therefore authorized by statute.  Accordingly, EMC respectfully prays for recovery of its costs, expenses, and attorneys' fees incurred in the prosecution of this declaratory action, and all other relief EMC may show itself justly entitled, at law or in equity.

Respectfully submitted,

*/s/ Wm. David Farmer*
**Wm. David Farmer**
State Bar No. 06826470
Email: wdfarmer@satx.law
FARMER, HOUSE, OSUNA & OLVERA
411 Heimer Road
San Antonio, Texas  78232-4854
Telephone No. (210) 377-1990
Facsimile No. (210) 377-1065

*Attorneys for Plaintiff EMC Property and Casualty Company*