UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**EMC PROPERTY AND CASUALTY COMPANY,**

  *Plaintiff*,

v.

**BPI BAUERLE PARTNERS, INC., MANUEL RODRIGUEZ IV, MATTHEW LUCIDO, INDIVIDUALLY AND AS NEXT FRIEND OF M.L., A MINOR;**

  *Defendants*.

Case No. SA-23-CV-01140-JKP

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff EMC Property & Casualty Co.'s (EMC) Motion for Summary Judgment on its request for declaratory judgment. *ECF No. 20*. Only Defendant Matthew Lucido responded, and EMC did not file a Reply. *ECF No. 23*. Upon consideration, the Motion for Summary Judgment is DENIED.

**Undisputed Factual Background**

This suit arises from a Business Protection Policy (the Policy), which included business auto liability, issued on February 22, 2023, by EMC to BPI Bauerle Partners, Inc. (BPI). *ECF No. 1*. On March 21, 2023, BPI's employee, Manuel Rodriguez, was involved in an auto collision with a car driven by Defendant Matthew Lucido. Both Lucido and his minor daughter sustained injuries. It is undisputed that at the time of the accident, Rodriguez was driving a truck and trailer pulled by an auto owned by BPI while in the course and scope of his employment.

Lucido filed a lawsuit (the "underlying lawsuit") in Texas state court against BPI and Rodriguez alleging Rodriguez's negligence caused his and his daughter's injuries. *ECF No. 1*

After the underlying lawsuit was filed, EMC filed this declaratory judgment action seeking a finding from this Court that it owes no duty to indemnify or defend BPI in the underlying action. Lucido was included as a defendant in this action because he has an interest in the outcome. Specifically, in this action, EMC contends the Policy contains a named driver exclusion that specifically excludes liability coverage for BPI if the named driver operates a covered auto. *ECF No. 1, pp. 4-*5. EMC contends Rodriguez is a named excluded driver on an endorsement to the policy. Based upon this contention, EMC now seeks summary judgment on the following declaratory judgment relief: a) EMC does not owe a duty to defend BPI in the Underlying Lawsuit; b) EMC does not owe a duty to defend Manuel Rodriguez in the Underlying Lawsuit; c) EMC does not owe a duty to indemnify BPI in the Underlying Lawsuit; d) EMC does not owe a duty to indemnify Manuel Rodriguez in the Underlying Lawsuit, and; e) EMC does not owe a duty to indemnify or pay benefits to BPI in connection with the collision claim for property damage to its vehicle. *ECF No. 1, p. 5, No. 20*.

## Legal Standard

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014). To be entitled to summary judgment on its own cause of action, a plaintiff must show there is no genuine dispute of material fact and establish each element of its cause of action as a matter of law. *Fontenot v. Upjohn Co.*, 780 F.2 1190, 1194 (5th Cir. 1986).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material

3

fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)(citations omitted).

## Discussion

EMC attached to its Motion for Summary Judgment a certified copy of the Policy. The certification is dated July 25, 2023, approximately four (4) months after the accident (the July certified Policy). *ECF No. 20, exh. 1 (bates label EMC-0001)*. In the July certified Policy, the

Excluded Driver Endorsement identifies "Manuel Rodriguez" as an excluded driver and contains places for the named insured (BPI) to sign and for the excluded driver to sign. *ECF No. 20, exh. 1 (bates label EMC-0062)*. Neither signature line is signed. *Id*. In this Motion for Summary Judgment, EMC's sole argument is the attached July certified Policy undisputedly demonstrates Rodriguez was named an excluded driver, and under clearly established Texas law, it is not necessary for the insured and/or the excluded driver to sign the exclusion endorsement for it to apply. *ECF No. 20, pp. 4-12*.

The court determines it need not determine the legal issue whether, under the cited supporting Texas law, it is not necessary for the insured and/or the excluded driver to sign the exclusion endorsement for it to apply. Rather, in response, Lucido presents competent summary judgment evidence which presents a genuine dispute of material fact whether the July certified Policy upon which EMC bases its whole requested relief, controls this litigation.

To raise this genuine dispute of material fact, Lucido presents a different certified copy of the Policy. This certification is dated April 5, 2023, approximately one (1) month after the accident (the April certified Policy). *ECF No. 23, exh. A, (bates label 000006-000115)*. Lucido demonstrates EMC used this version, the April certified Policy, in the underlying lawsuit prior to filing its Motion for Summary Judgment in this action and quoted the April certified Policy in the Original Complaint in this action. *See ECF No. exh. B, p. 4*. In addition, Lucido demonstrates EMC used the April certified Policy, in evidence attached to its Motion for Summary Judgment: a) EMC's Reservation of Rights Letter to BPI dated June 2, 2023, (*ECF No. 20-3, exh. 3*), and; b) EMC's Reservation of Rights Letter to BPI dated July 26, 2023 (*ECF No. 20-5, exh. 5*).

Contrary to the July certified Policy presented with EMC's Motion for Summary Judgment (*ECF No. 20, exh. 1, EMC-0062*), the April certified Policy contains the Excluded Driver

5

Endorsement, which is blank, that is, it does not include "Manuel Rodriguez" as the name of the excluded driver. The space for identification of the excluded driver is empty; however, like the July certified Policy attached to EMC's Motion for Summary Judgment, the Excluded Driver Endorsement that was produced in underlying lawsuit contains unsigned signature lines for the named insured (BPI) and any excluded driver.

Based upon the presentation of differing versions of the Policy, the evidence EMC relies upon in support of its Motion for Summary Judgment is controverted and disputed. Based upon this evidence and dispute of which version of the effective Policy controls this litigation, Lucido presents a genuine dispute of material fact whether the April certified Policy or the July certified Policy, which EMC presents in support of its Motion for Summary Judgment is reliable and whether it was valid at the time of the accident, and thus, whether Rodriguez was an excluded driver. These are questions of fact for the jury to determine.

Further, the deadline for the completion of discovery is May 1, 2024. Based upon the controverted Policy presented by EMC, discovery is needed to develop these issues.

## Conclusion

Because a genuine dispute of material fact exists, EMC's Motion for Summary Judgment is DENIED.

It is so ORDERED.
SIGNED this 11th day of March, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE